IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARIES MONROE, et al., *Plaintiffs*, vs. BRG SPORTS, INC., a Delaware corporation, *Defendant*. | CASE NO: 1:18-cv-07250 |

**MASTER SHORT-FORM COMPLAINT OF PLAINTIFF ARIES MONROE**

1. Plaintiff is filing this Short-Form Complaint against Defendant BRG Sports, Inc. ("Riddell").

2. Plaintiff incorporates by reference the allegations contained in paragraphs 1-4, 5 (excluding the portion beginning with "Worse yet") 6-8, 15, 25–33, 34 (excluding the second half of the first sentence, after the phrase "even going so far"), 35–135, 203–209, 272–302, as well as the Prayer for Relief and Demand for Jury Trial sections of the First Amended Class Action Complaint and Demand for Jury Trial, dkt. 36.

3. Plaintiff Aries Monroe is a resident and citizen of the state of Florida and claims damages as set forth below.

4. Plaintiff sustained concussions and sub-concussive blows to the head playing football in high school and in college. Plaintiff suffers from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff sustained while playing football in college at the University of Alabama in Tuscaloosa, Alabama. Plaintiff's injuries, and the later-manifesting symptoms, described herein arise directly from the concussions and sub-concussive blows he sustained while playing football wearing a Riddell helmet.

5. Plaintiff played football throughout 2000–2001. Plaintiff suffered at least three concussions while wearing a Riddell helmet and suffered innumerable sub-concussive blows to the head. Despite these concussive and sub-concussive blows to the head, he continued to play football, relying on the belief that his helmet would ultimately keep his head (and brain) safe. The impact and force of these blows were not properly or adequately diminished or mitigated by the Riddell helmet he was wearing. Since Plaintiff's football playing career ended, he has experienced the following symptoms: memory loss, hand tremors, unusual aggression, depression, loss of impulse control, loss of inhibition, speech and language impairment, and headaches ("Plaintiff's conditions"). Riddell's defective helmets and Riddell's defective warnings were both, separately and concurrently, a producing as well as proximate cause of, and substantial factor causing, Plaintiff's conditions. Had Riddell's helmets been designed using the appropriate alternative designs available (including but not limited to an alternative air cushion system, thicker padding, or padding utilizing vinyl nitrile and/or thermoplastic polyurethane) Plaintiff would not have suffered the conditions he is currently experiencing.

6. Had Riddell taken due care in engineering, designing and testing its helmets, including—but not limited to—by (a) using more effective and better materials and/or cushioning systems in its helmet liners, and (b) using safety testing systems that assessed the helmets' ability to prevent (or limit) harm from repeated concussive and sub-concussive head impacts, Plaintiff's head would have been sufficiently protected from the short- and long-term effects of receiving repetitive head impacts while playing football. In addition, Plaintiff would have avoided his current injuries by using a different helmet had Riddell taken due care to accurately market its helmets, reveal their inadequate protective elements, and incorporate adequate, clear, and conspicuous warnings on them.

7. Plaintiff claims damages as a result of [check all that apply]:

    __X__ Injury to Himself

    __X__ Economic Loss

8. Plaintiff wore one or more helmets designed and/or manufactured by the Riddell Defendants during one or more years Plaintiff played in high school and college. Plaintiff continued to play football while wearing a Riddell helmet, relying on the belief that his Riddell helmet would ultimately keep his head (and brain) safe. Riddell did not warn Plaintiff of the long-term consequences of playing football with a Riddell helmet, even though Riddell knew or should have known about the true dangers of long-term brain injuries to players resulting from playing football while wearing, and despite wearing, its helmets. Indeed, had Riddell provided clear, conspicuous, and complete warnings about the risks of playing football while using its products, Plaintiff would not have used a Riddell helmet, and more likely than not would have avoided playing football, and thereby avoided Plaintiff's conditions.

## CAUSES OF ACTION

9. Plaintiff herein adopts by reference the following Counts of the Class Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

    __X__ Count I (Negligence)

    __X__ Count II (Design Defect)

    __X__ Count III (Failure to Warn)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. Monetary Judgment against Defendants for a sum within the jurisdictional limits of this Court for all actual damages, both past and future, as indicated above;

b. Prejudgment interest as provided by law;

c. Post-judgment interest as provided by law;

d. Costs of suit; and

e. Such other and further relief, at law and in equity, to which he may show himself to be justly entitled.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

**ARIES MONROE,** individually and on behalf of all similarly situated individuals,

Dated: March 11, 2019

By: <u>Daniel Schneider</u>
*One of Plaintiffs' Attorneys*

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
Daniel Schneider
dschneider@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian
rbalabanian@edelson.com
EDELSON PC
123 Townsend Street
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Attorneys for Plaintiff*

4

## CERTIFICATE OF SERVICE

       I, Daniel Schneider, hereby certify that on March 11, 2019 the above and foregoing ***First Amended Short-Form Complaint of Plaintiff Aries Monroe*** was filed with the Clerk of the Court using CM/ECF, and that all counsel of record are being served in accordance with the Federal Rules of Civil Procedure.

/s/Daniel Schneider