IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN MILNE, et al.<br><br>  *Plaintiffs*,<br><br>vs.<br><br>BRG SPORTS, INC, a Delaware corporation,<br><br>  *Defendant.* | Case No. 1:18-cv-07250 |

**FIRST AMENDED MASTER SHORT-FORM COMPLAINT OF
<u>PLAINTIFF BRIAN MILNE</u>**

1. Plaintiff is filing this First Amended Short-Form Complaint against Defendant BRG Sports, Inc. ("Riddell").

2. Plaintiff incorporates by reference the allegations contained in paragraphs 1–4, 5 (excluding the portion beginning with "Worse yet"), 6–8, 10, 25–33, 34 (excluding the second half of the first sentence, after the phrase "even going so far"), 35–82, 83 (excluding the portion beginning with the phrase "including by using materials"), 84–86, 104–135, 163–169, 272–302, as well as the Prayer for Relief and Demand for Jury Trial sections of the First Amended Class Action Complaint and Demand for Jury Trial, dkt. 36.

3. Plaintiff Brian Milne is a resident and citizen of the state of Ohio and claims damages as set forth below.

4. Plaintiff suffered multiple concussions and multiple sub-concussive blows to the head while playing high school and college football. Plaintiff suffers from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and concussive head impacts that Plaintiff sustained while playing football at Fort LeBoeuf High School in Waterford, Pennsylvania and as a fullback at Penn State University. Plaintiff's injuries, and the later-

1

manifesting symptoms, described herein arise directly from the concussions and sub-concussive blows he sustained while playing football wearing a Riddell helmet.

5. Plaintiff played football throughout 1987–1989 and 1991–1996. During these years of play, Plaintiff suffered multiple concussions and multiple sub-concussive blows to the head while wearing a Riddell helmet. Plaintiff sustained multiple concussions and sub-concussive blows to the head during his high school football career, all due to football, including one memorable incident of getting his "bell rung" (among many) where plaintiff was hit in the head by an opposing player and stopped dead in his tracks. Plaintiff also sustained multiple concussions and sub-concussive blows to the head during his college football career, all due to football. Specifically, Milne sustained concussions during a football team practice at Penn State University in August 1993. In addition, he sustained concussions during Penn State University football games in November 1994 and October 1995. The impact and force of these blows were not properly or adequately diminished or mitigated by the Riddell helmet he was wearing. After Plaintiff's football playing career ended, he suffered from and continues to suffer from: mild cognitive impairment, headaches, loss of concentration, motor impairment, emotional instability, memory loss, and depression ("Plaintiff's conditions"). Plaintiff's conditions ultimately became so severe that he was forced to resign from his job as a police officer. Riddell's defective helmets and Riddell's defective warnings were both, separately and concurrently, a producing as well as proximate cause of, and substantial factor causing Plaintiff's conditions. Had Riddell's helmets been designed using the appropriate alternative designs available (including, but not limited to, an alternative air cushion system or thicker padding) Plaintiff would not suffer from the conditions he is currently experiencing.

6. Had Riddell taken due care in engineering, designing and testing its helmets, including—but not limited to—by (a) using more effective and better materials and/or

2

cushioning systems in its helmet liners, and (b) using safety testing systems that assessed the helmets' ability to prevent (or limit) harm from repeated concussive and sub-concussive head impacts, Plaintiff's head would have been sufficiently protected from the short- and long-term effects of receiving repetitive head impacts while playing football. In addition, Plaintiff would have avoided his current injuries by using a different helmet had Riddell taken due care to accurately market its helmets, reveal their inadequate protective elements, and incorporate adequate, clear, and conspicuous warnings on them.

7. Plaintiff claims damages as a result of [check all that apply]:

  _X_ Injury to Himself
  _X_ Economic Loss

8. Plaintiff wore one or more helmets designed and/or manufactured by the Riddell Defendants during one or more years Plaintiff played in high school and college. Plaintiff continued to play football while wearing a Riddell helmet, relying on the belief that his Riddell helmet would ultimately keep his head (and brain) safe. Riddell did not warn Plaintiff of the long-term consequences of playing football with a Riddell helmet, even though Riddell knew or should have known about the true dangers of long-term brain injuries to players resulting from playing football while wearing, and despite wearing, its helmets. Indeed, had Riddell provided clear, conspicuous, and complete warnings about the risks of playing football while using its products, Plaintiff would not have used a Riddell helmet, and more likely than not would have avoided playing football, and thereby avoided Plaintiff's conditions.

9. Plaintiff played football from 1987 to 1989 at Fort LeBoeuf High School, and from 1991 to 1996 at Penn State University.

## CAUSES OF ACTION

10. Plaintiff herein adopts by reference the following Counts of the Class Action Complaint and Demand for Jury Trial, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

    _X_    Count I (Negligence)

    _X_    Count II (Design Defect)

    _X_    Count III (Failure to Warn)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. Monetary Judgment against Defendants for a sum within the jurisdictional limits of this Court for all actual damages, both past and future, as indicated above;

b. Prejudgment interest as provided by law;

c. Post-judgment interest as provided by law;

d. Costs of suit; and

e. Such other and further relief, at law and in equity, to which he may show himself to be justly entitled.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

**BRIAN MILNE,** individually and on behalf of all similarly situated individuals,

Dated: March 11, 2019

/s/Daniel Schneider
*An Attorney for Plaintiff*

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
Daniel Schneider
dschneider@edelson.com

4

        EDELSON PC
        350 North LaSalle Street, 14th Floor
        Chicago, Illinois 60654
        Tel: 312.589.6370
        Fax: 312.589.6378

        Rafey S. Balabanian
        rbalabanian@edelson.com
        EDELSON PC
        123 Townsend Street
        San Francisco, California 94107
        Tel: 415.212.9300
        Fax: 415.373.9435

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

    I, Daniel Schneider, hereby certify that on March 11, 2019 the above and foregoing ***First Amended Short-Form Complaint of Plaintiff Brian Milne*** was filed with the Clerk of the Court using CM/ECF, and that all counsel of record are being served in accordance with the Federal Rules of Civil Procedure.

                                                          /s/Daniel Schneider