IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY JONES, et al.<br><br>  *Plaintiffs*,<br><br>vs.<br><br>BRG SPORTS, INC, a Delaware corporation,<br><br>  *Defendant.* | Case No. 1:18-cv-07250 |

**FIRST AMENDED MASTER SHORT-FORM COMPLAINT OF
<u>PLAINTIFF JEFFREY JONES</u>**

  1. Plaintiff is filing this Short-Form Complaint against Defendant BRG Sports, Inc. ("Riddell").

  2. Plaintiff incorporates by reference the allegations contained in paragraphs 1–4, 5 (excluding the portion beginning with "Worse yet"), 6–8, 9, 25–33, 34 (excluding the second half of the first sentence, after the phrase "even going so far"), 35–82, 83 (excluding the portion beginning with the phrase "including by using materials"), 84–86, 104–135, 154–162, 272–302, as well as the Prayer for Relief and Demand for Jury Trial sections of the First Amended Class Action Complaint and Demand for Jury Trial, dkt. 36.

  3. Plaintiff Jeffrey Jones is a resident and citizen of the state of Michigan and claims damages as set forth below.

  4. Plaintiff suffered multiple concussions and multiple sub-concussive blows to the head while playing high school and college football. Plaintiff suffers from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and concussive head impacts that Plaintiff sustained while playing as a defensive tackle at Waterford Mott High School in Waterford Township, Michigan, as well as Detroit Country Day School in Beverly Hills, Michigan, and

Michigan State University in East Lansing, Michigan. Plaintiff's injuries, and the later-manifesting symptoms, described herein arise directly from the concussions and sub-concussive blows he sustained while playing football while wearing a Riddell helmet.

5. Plaintiff played football throughout 1983–1990. Plaintiff suffered multiple concussions and multiple sub-concussive hits while wearing a Riddell helmet. Plaintiff sustained at least one concussion during his high school football career, following a severe blow to the head that required him to be taken to the hospital in an ambulance. Plaintiff sustained at least seven concussions during his college football career, all due to football, and all of which were reported to the team's training and/or medical staff. Specifically, Jones sustained concussions during football team practices at Michigan State University in September 1986, October 1986, August 1987, and September 1988. In addition, he sustained concussions during Michigan State University football games in December 1989, November 1990, and December 1990. The impact and force of these blows were not properly or adequately diminished or mitigated by the Riddell helmet he was wearing. During his playing years Plaintiff's symptoms from sub-concussive and concussive hits included headaches, unusual fatigue, dizziness, and confusion. After Plaintiff's football playing career ended, he suffered and continue to suffer from: emotional instability, memory loss, and depression ("Plaintiff's conditions"). Riddell's defective helmets and Riddell's defective warnings were both, separately and concurrently, a producing as well as proximate cause of, and substantial factor causing Plaintiff's conditions. Had Riddell's helmets been designed using the appropriate alternative designs available (including but not limited to an alternative air cushion system and thicker padding) Plaintiff would not suffer from the conditions he is currently experiencing.

6. Had Riddell taken due care in engineering, designing and testing its helmets, including—but not limited to—by (a) using more effective and better materials and/or cushioning systems in its helmet liners, and (b) using safety testing systems that assessed the helmets' ability

to prevent (or limit) harm from repeated concussive and sub-concussive head impacts, Plaintiff's head would have been sufficiently protected from the short- and long-term effects of receiving repetitive head impacts while playing football. In addition, Plaintiff would have avoided his current injuries by using a different helmet had Riddell taken due care to accurately market its helmets, reveal their inadequate protective elements, and incorporate adequate, clear, and conspicuous warnings on them.

7. Plaintiff claims damages as a result of [check all that apply]:

  X   Injury to Himself
  X   Economic Loss

8. Plaintiff wore one or more helmets designed and/or manufactured by the Riddell Defendants during one or more years Plaintiff played in high school and college. Plaintiff continued to play football while wearing a Riddell helmet, relying on the belief that his Riddell helmet would ultimately keep his head (and brain) safe. Riddell did not warn Plaintiff of the long-term consequences of playing football with a Riddell helmet, even though Riddell knew or should have known about the true dangers of long-term brain injuries to players resulting from playing football while wearing, and despite wearing, its helmets. Indeed, had Riddell provided clear, conspicuous, and complete warnings about the risks of playing football while using its products, Plaintiff would not have used a Riddell helmet, and more likely than not would have avoided playing football, and thereby avoided Plaintiff's conditions.

9. Plaintiff played football high school from 1983 to 1984 at Waterford Mott High School, in 1985 at Detroit Country Day School, and from 1986 to 1990 at Michigan State University.

## CAUSES OF ACTION

10. Plaintiff herein adopts by reference the following Counts of the Master Long-Form Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

     _X_     Count I (Negligence)

     _X_     Count II (Design Defect)

     _X_     Count III (Failure to Warn)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. Monetary Judgment against Defendants for a sum within the jurisdictional limits of this Court for all actual damages, both past and future, as indicated above;

b. Prejudgment interest as provided by law;

c. Post-judgment interest as provided by law;

d. Costs of suit; and

e. Such other and further relief, at law and in equity, to which he may show himself to be justly entitled.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

**JEFFREY JONES,** individually and on behalf of all similarly situated individuals,

Dated: March 11, 2019

/s/Daniel Schneider
*An Attorney for Plaintiff*

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
Daniel Schneider
dschneider@edelson.com

                        EDELSON PC
                        350 North LaSalle Street, 14th Floor
                        Chicago, Illinois 60654
                        Tel: 312.589.6370
                        Fax: 312.589.6378

                        Rafey S. Balabanian
                        rbalabanian@edelson.com
                        EDELSON PC
                        123 Townsend Street
                        San Francisco, California 94107
                        Tel: 415.212.9300
                        Fax: 415.373.9435

                        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I, Daniel Schneider, hereby certify that on March 11, 2019 the above and foregoing ***Short-Form Complaint of Plaintiff Jeffrey Jones*** was filed with the Clerk of the Court using CM/ECF, and that all counsel of record are being served in accordance with the Federal Rules of Civil Procedure.

                                                             /s/Daniel Schneider