IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN HARRIS II, et al., <br><br> *Plaintiffs*, <br><br> vs. <br><br> BRG SPORTS, INC., a Delaware corporation, <br><br> *Defendant*. | CASE NO: 1:18-cv-07250 |

**FIRST AMENDED MASTER SHORT-FORM COMPLAINT OF
<u>PLAINTIFF JOHN HARRIS II</u>**

1. Plaintiff is filing this Short-Form Complaint against Defendant BRG Sports, Inc. ("Riddell").

2. Plaintiff incorporates by reference the allegations contained in paragraphs 1–4, 5 (excluding the portion beginning with "Worse yet") 6–8, 14, 25–33, 34 (excluding the second half of the first sentence, after the phrase "even going so far"), 35–135, 193–202, 272–302, as well as the Prayer for Relief and Demand for Jury Trial sections of the First Amended Class Action Complaint and Demand for Jury Trial, dkt. 36.

3. Plaintiff John Harris II is a resident and citizen of the state of Texas and claims damages as set forth below.

4. Plaintiff sustained concussions and sub-concussive blows to the head playing football in high school. Plaintiff suffers from symptoms of brain injury caused by the repetitive, traumatic sub-concussive and/or concussive head impacts the Plaintiff sustained while playing football in high school at Sam Houston High School in San Antonio, Texas. Plaintiff's injuries, and the later-manifesting symptoms, described herein arise directly from the concussions and sub-concussive blows he sustained while playing football wearing a Riddell helmet.

5. Plaintiff played football throughout 1995–1999. Plaintiff suffered at least three concussions while wearing a Riddell helmet and suffered innumerable sub-concussive blows to the head. Despite these concussive and sub-concussive blows to the head, he continued to play football, relying on the belief that his helmet would ultimately keep his head (and brain) safe. Particularly, Plaintiff sustained multiple hits that resulted with him being hit in the back of the head or the back of his head hitting the ground. On one occasion, Plaintiff received a concussion while wearing his Riddell helmet. After leaving the field, Plaintiff could not even remember his name for several minutes. On another occasion, Plaintiff received a concussion and blacked out on the field for a short amount of time. The last concussion he sustained resulted in him being taken from the field and leaving the game in an ambulance. Plaintiff received an MRI at the hospital and doctors diagnosed him with brain swelling. This was the end of his football career—even though Plaintiff had been a sought-out recruit for various college football programs, he could no longer pursue those opportunities. During his playing years, Plaintiff experienced loss of consciousness, sensitivity to bright lights and/or loud noises, headaches, seeing stars, concentration difficulty, memory difficulty, loss of awareness of situations, dizziness, balance difficulty, unusual confusion, and unusual fatigue. The impact and force of the blows Plaintiff experienced were not properly or adequately diminished or mitigated by the Riddell helmet he was wearing. Since Plaintiff's football playing career ended, he has experienced the following symptoms: unusual confusion, unusual aggression, memory loss, unusual inability to multi-task, reduced capability to plan, depression, reduced problem-solving capability, and impulsiveness ("Plaintiff's conditions"). Riddell's defective helmets and Riddell's defective warnings were both, separately and concurrently, a producing as well as proximate cause of, and substantial factor causing Plaintiff's conditions. Had Riddell's helmets been designed using the appropriate alternative designs available (including, but not limited to, an alternative air cushion system, thicker padding,

or padding utilizing vinyl nitrile and/or thermoplastic polyurethane) Plaintiff would not suffer from the conditions he is currently experiencing.

6. Had Riddell taken due care in engineering, designing and testing its helmets, including—but not limited to—by (a) using more effective and better materials and/or cushioning systems in its helmet liners, and (b) using safety testing systems that assessed the helmets' ability to prevent (or limit) harm from repeated concussive and sub-concussive head impacts, Plaintiff's head would have been sufficiently protected from the short- and long-term effects of receiving repetitive head impacts while playing football. In addition, Plaintiff would have avoided his current injuries by using a different helmet had Riddell taken due care to accurately market its helmets, reveal their inadequate protective elements, and incorporate adequate, clear, and conspicuous warnings on them.

7. Plaintiff claims damages as a result of [check all that apply]:

    __X__ Injury to Himself

    __X__ Economic Loss

8. Plaintiff wore one or more helmets designed and/or manufactured by the Riddell Defendants during one or more years Plaintiff played in high school and college. Plaintiff continued to play football while wearing a Riddell helmet, relying on the belief that his Riddell helmet would ultimately keep his head (and brain) safe. Riddell did not warn Plaintiff of the long-term consequences of playing football with a Riddell helmet, even though Riddell knew or should have known about the true dangers of long-term brain injuries to players resulting from playing football while wearing, and despite wearing, its helmets. Indeed, had Riddell provided clear, conspicuous, and complete warnings about the risks of playing football while using its products, Plaintiff would not have used a Riddell helmet, and more likely than not would have avoided playing football, and thereby avoided Plaintiff's conditions.

9. Plaintiff played in high school during the following period of time: 1995–1999 for the following team(s): Sam Houston High School in San Antonio, Texas.

10. Plaintiff stopped playing football after 1999.

## CAUSES OF ACTION

11. Plaintiff herein adopts by reference the following Counts of the Class Complaint, along with the factual allegations incorporated by reference in those Counts [check all that apply]:

__X__ Count I (Negligence)

__X__ Count II (Design Defect)

__X__ Count III (Failure to Warn)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. Monetary Judgment against Defendants for a sum within the jurisdictional limits of this Court for all actual damages, both past and future, as indicated above;

b. Prejudgment interest as provided by law;

c. Post-judgment interest as provided by law;

d. Costs of suit; and

e. Such other and further relief, at law and in equity, to which he may show himself to be justly entitled.

## JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues so triable.

**JOHN HARRIS II,** individually and on behalf of all similarly situated individuals,

Dated: March 11, 2019

/s/Daniel Schneider
*An Attorney for Plaintiff*

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
Daniel Schneider
dschneider@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian
rbalabanian@edelson.com
EDELSON PC
123 Townsend Street
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

*Attorneys for Plaintiff*

5

## CERTIFICATE OF SERVICE

      I, Daniel Schneider, hereby certify that on March 11, 2019 the above and foregoing ***Short-Form Complaint of Plaintiff John Harris II*** was filed with the Clerk of the Court using CM/ECF, and that all counsel of record are being served in accordance with the Federal Rules of Civil Procedure.

                                                  /s/Daniel Schneider